IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BEN TATU CHIRIKADZI, A-97-698-087<br>Petitioner,<br>v. | *<br><br>* | <br><br>CIVIL ACTION NO. PJM-07-1815 |
| BUREAU OF IMMIGRATION AND<br>  CUSTOMS ENFORCEMENT<br>DHS<br>INTERIM FIELD OFFICE DIRECTOR<br>  FOR DETENTION AND REMOVAL FOR<br>  THE BALTIMORE DISTRICT, et al.<br>Respondents. | *<br><br>*<br><br>*<br><br>*<br>*** | |

**<u>MEMORANDUM OPINION</u>**

This *pro se* Petition for habeas corpus relief was received for filing on July 9, 2007.[1] Petitioner claims that an Immigration Judge ("IJ") denied his application for asylum on January 4, 2007, and ordered him removed to Zimbabwe.  He claims that he has been detained since that time.[2] Paper No. 1.

While Petitioner seeks immediate release from confinement due to the expiration of the six-month statutory removal period, his Petition raises a number of challenges to the decision of IJ Jill Dufresne with regard to his asylum application and removal.  *Id*. at 3-4.  The Court lacks subject-matter jurisdiction over such an attack.  Under the Real ID Act of 2005 ( "RIDA") the circuit courts are the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal.  *See Hem v. Maurer,* 458 F.3d 1185, 1188 n. 3 (10th Cir. 2006); *Elia v. Gonzales*, 431 F.3d 268, 273, n. 5 (6th Cir. 2005); *Alvarez-Barajas v. Gonzales,* 418 F.3d 1050,

---

[1] Neither the $5.00 habeas filing nor an indigency application accompanied the Petition.  In light of the summary dismissal of this action, Petitioner shall not be required to cure this deficiency.

[2] Petitioner is currently confined at the Worchester County Detention Center in Snow Hill, Maryland.

1052 (9th Cir. 2005); *Tilley v. Chertoff*, 144 Fed. Appx. 536, 538 (6th Cir. 2006); *see also Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (9th Cir. 2006) (RIDA restores circuit court jurisdiction to review constitutional claims or questions of law).

Further, insofar as Petitioner is raising a challenge to his continued post-removal order detention, the Court finds no due process violation. Generally speaking, ICE may detain a deportable alien while removal proceedings are pending. *See Denmore v. Kim,* 538 U.S. 510, 531 (2003). After a removal order becomes final, ICE must detain the alien until he is removed, for up to ninety days (the "removal period").[3] *See* 8 U.S.C. § 1231(a)(2); *see also Zadvydas v. Davis,* 533 U.S. 678, 682 (2001). Although § 1231(a)(6) appears to authorize discretionary indefinite detention of a removable alien beyond such period, the Supreme Court has indicated that indefinite detention would raise serious constitutional issues. Thus, the Court found that the statute permits ICE to detain an alien beyond the removal period only as long as reasonably necessary to bring about his removal and that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Zadvydas v. Davis,* 533 U.S. at 689, 699. The Court further stated that detention beyond six months after the issuance of a final removal order is presumed unconstitutional but that the government can rebut the presumption by establishing that removal is reasonably foreseeable. *Id.* at 701.

Petitioner claims that he was detained after the January 4, 2007 decision to deny him asylum. Petitioner then apparently filed an appeal to the Board of Immigration Appeals ("BIA").

---

[3] Under 8U.S.C. § 1231(a)(B), the removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.
(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

According to District Counsel for Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Petitioner appealed IJ Dufresne's decision to the Board of Immigration Appeals ("BIA") and the matter remains pending. The presumptively reasonable six-month period of detention established in *Zadvydas* consists of the 90-day removal period (which typically begins to run, under § 1231(a)(1)(B), when the alien's order of removal becomes administratively final) plus an additional 90 days.  *See Moallin v. Cangemi,* 427 F.Supp.2d 908, 914-15 (D. Minn. 2006).  Petitioner's order of removal has not yet become final as the BIA has yet to issue a determination on his appeal.  *See* 8 C.F.R. § 1241.1(a).  Thus, the six-month presumptively reasonable period of confinement set out under *Zadvydas* has not yet begun to run.[4]  Accordingly, the matter, construed as a 28 U.S.C. § 2241 Petition, shall be dismissed without prejudice.  A separate Order follows.

|  |  |
|---|---|
|  | /s/ |
|  | PETER J. MESSITTE |
| July 18, 2007 | UNITED STATES DISTRICT JUDGE |

---

[4] According to the docket for the United States Court of Appeals for the Fourth Circuit, a *pro se* petition for review from the BIA was filed by Petitioner on May 24, 2007.  *See Chirikadzi v. Gonzales*, CA-07-1473.